**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:09-cv-00856-PAB-KLM

PRECISION CONCRETE CUTTING, INC., a
Utah corporation,

        Plaintiff,

   v.

CONCRETE SIDEWALK SOLUTIONS, INC.
/DBA/ SIDEWALK SHAVERS OF
COLORADO, a Colorado corporation,

        Defendants.

**[PROPOSED]
STIPULATED PROTECTIVE ORDER**

Upon agreement and motion by the parties appearing herein and pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, the Court enters this Stipulated Protective Order ("Protective Order") to

facilitate information and document disclosure and production under the Local Rules of this Court and the

Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this

Protective Order shall remain in effect through the conclusion of the above-captioned action ("Action").

In support of this Protective Order, the Court finds that:

A.      Documents or information containing confidential technical, developmental, commercial, business, proprietary, and financial information ("Confidential" information and "Confidential Attorneys' Eyes Only" information [collectively, "Protected Information"]) that bear significantly on the parties' claims or defenses *are* likely to be disclosed or produced during the course of discovery in the Action;

B.      The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential;

C.      The parties assert that public dissemination and disclosure of Protected Information could severely injure or damage the party disclosing or producing the Protected Information and could place that party at a competitive disadvantage;

D.      Counsel for the party or parties receiving Protected Information may not presently have sufficient information to accept the representation(s) made by the party or parties producing Protected Information as to the confidential and/or proprietary nature of such Protected Information; and

E.      Upon agreement of the parties to protect the respective interests of the parties and to facilitate progress of disclosure and discovery in the Action, the following Proposed Order is issued.

**IN LIGHT OF THE FOREGOING, IT IS ORDERED THAT:**

1.      So that confidential technical, developmental, commercial, business, proprietary, and financial information is protected pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Protective Order will govern any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process that contains or comprises any confidential technical, developmental, commercial, business, proprietary, or financial information, and which is so designated by a party in accordance with this Protective Order.

2.     "Confidential" information shall consist of confidential technical, research, developmental, commercial, business, employment, financial, or other proprietary information, or sensitive personal information that is nonpublic or is restricted from disclosure by obligations to a non-party (i.e., a customer), and which the designating party reasonably believes is of such a nature and character that the unlimited disclosure thereof to others would be harmful to the designating party or its business, or to a non-party or its business, or would provide the receiving party with a competitive advantage over the designating party or non-party.   Any information derived from Confidential information also constitutes Confidential information to the extent the derived information embodies, contains, or discloses any Confidential information.

3.     Access to Confidential information shall be limited to those individuals identified in paragraph 4, herein, along with the Court, the jury and alternate jurors empanelled by the Court, Court-appointed independent experts, employees of the Court, court reporters who transcribe depositions, hearings, or trial testimony in this case, Court-appointed or party-selected arbitrators, mediators, videographers who videotape depositions in this case, and other persons as ordered by the Court or otherwise expressly agreed by the parties.

4.     The individuals who may have access to the Confidential information of the other party, or compilations, extracts, or summaries of such Confidential information, are limited to (a) the attorneys of record in the Action, (b) persons employed or acting as contractors in secretarial, clerical, information technology ("IT"), or paralegal capacities in the offices of the attorneys of record, (c) outside vendors, who agree to be bound by the terms of this Protective Order, providing photocopying, scanning, printing, stenography, videography, and graphics assistance to the attorneys of record, (d) "Qualified Experts," as defined in paragraph 12, herein, retained to assist in the litigation of the Action, (e) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts and who agree to be bound by the terms of this Protective Order, (f) authors, creators, and previous lawful recipients of the Confidential

3

information and their respective counsel, (g) other persons with prior written approval of counsel for the designating party or non-party, and (h) directors, officers, in-house counsel, or employees of each party to this action, consultation with whom is reasonably deemed necessary by the attorneys of record to assist in the prosecution, defense, settlement, or trial of the Action.

5.   "Confidential Attorneys' Eyes Only" information shall consist of confidential technical, research, developmental, commercial, business, employment, financial, or other proprietary information, or sensitive personal information that is nonpublic or is restricted from disclosure by obligations to a non-party (i.e., a customer), and which the designating party reasonably believes is of such a nature and character that the unlimited disclosure thereof to others would be harmful to the designating party or its business, or to a non-party or its business, or would provide the receiving party with a competitive advantage over the designating party or non-party.   Any information derived from Confidential Attorneys' Eyes Only information also constitutes Confidential Attorneys' Eyes Only information to the extent the derived information embodies, contains, or discloses any Confidential Attorneys' Eyes Only information.   The designating party agrees that utilization of the designation "Confidential Attorneys' Eyes Only" shall be limited to circumstances wherein the designating party can demonstrate or reasonably believes that designating the information as "Confidential" would be insufficient to protect its legitimate interests.

6.   Access to Confidential Attorneys' Eyes Only information shall be limited to those individuals identified in paragraph 7, herein, along with the Court, the jury and alternate jurors empanelled by the Court, Court-appointed independent experts, employees of the Court, court reporters who transcribe depositions, hearings, or trial testimony in this case, Court-appointed or party-selected arbitrators, mediators, videographers who videotape depositions in this case, and other persons as ordered by the Court or as otherwise expressly agreed by the parties.

4

7.      Access to Confidential Attorneys' Eyes Only information of designating parties, or compilations, extracts, or summaries of such Confidential Attorneys' Eyes Only information, is limited to (a) the attorneys of record, (b) persons employed or acting as contractors in secretarial, clerical, IT, or paralegal capacities in the offices of the attorneys of record, (c) outside vendors, who agree to be bound by the terms of this Protective Order, providing photocopying, scanning, printing, stenography, videography, and graphics assistance to the attorneys of record, (d) "Qualified Experts," as defined in paragraph 12, herein, retained to assist in the Action, (e) secretarial or clerical employees of Qualified Experts who are assisting Qualified Experts and who agree to be bound by the terms of this Protective Order, (f) authors, creators, and previous lawful recipients of the Confidential Attorneys' Eyes Only information and their respective counsel, and (g) other persons with prior written approval of counsel for the designating party or non-party.

8.      Nothing shall be regarded as Confidential information and/or Confidential Attorneys' Eyes Only information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no act, fault, or failure of the receiving party; (c) is lawfully in the receiving party's possession at the time of disclosure through no act, fault, or failure of the receiving party or any third party having a duty of confidentiality to the disclosing party; (d) is received at a later date by the receiving party from a third party who has the right to make such a disclosure; or (e) is independently developed by the receiving party by persons without access to such Confidential information and/or Confidential Attorneys' Eyes Only information, which development is adequately documented.

9.      Any party may declare that any paper, document, record, pleading, response to discovery, deposition testimony or, with the approval of the Court, hearing or trial testimony or other material contains information belonging to it or produced by a third party which is Confidential information and/or Confidential Attorneys' Eyes Only information.  Non-parties who have been subpoenaed to testify to produce documents may likewise declare that any deposition testimony or, with the approval of the Court,

hearing or trial testimony, or document or thing produced by them contains information which is Confidential information and/or Confidential Attorneys' Eyes Only information, and such non-parties shall have the same rights and obligations with respect to such information as the parties hereto.

10.     All Confidential information and/or Confidential Attorneys' Eyes Only information produced or revealed by the parties or non-parties in the course of the Action shall be used solely for the purpose of litigating the Action and for no other purpose, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

11.     Persons, other than those specified in subparts (a) and (b) of paragraph 7 above, having access to Confidential information or Confidential Attorneys' Eyes Only information shall be shown a copy of this Protective Order and must review and sign an "Acknowledgement" in substantially the same form as Exhibit A attached hereto, stating that they agree to be bound by its terms prior to any disclosure of such information.

12.     An outside (i.e., non-employee) expert witness or consultant of a party may become a Qualified Expert if: (a) said expert witness or consultant is first designated by written notice to the other party, which written notice shall include a copy of the expert witness' or consultant's current curriculum vitae and/or resume and a brief description of the expert witness' or consultant's business occupation(s) and affiliation(s) for the five (5) year period preceding the date of the notice; (b) said expert witness or consultant executes the "Acknowledgement" in the form attached hereto as Exhibit A and a copy thereof is provided to the non-designating party; and (c) the non-designating party does not object in writing to the expert's or consultant's designation within five (5) business days of receipt of such notice.  The parties agree not to depose any "consultant" identified pursuant to this provision, based solely on such identification, unless designated by the disclosing party as a testifying expert.  If the non-designating party objects to an expert witness' or consultant's designation as set forth above, the parties shall meet and confer in a good faith effort to resolve the objection.  Said meet and confer shall occur within five (5)

6

business days of the date the designating party receives notice of objection to its designation, unless the parties stipulate in writing to extend the meet and confer period.  If the meet and confer does not resolve the pending objections to the designation, then the party objecting to an expert witness' or consultant's designation must move for a protective order within ten (10) business days of the conclusion of the meet and confer period set forth *supra*, unless the parties stipulate in writing to extend the time within which such a motion might be filed.  If the objecting party fails to file a motion within ten (10) business days of the conclusion of the meet and confer process, the potential expert or consultant shall be deemed a "Qualified Expert" under this Protective Order.  Until any such objection is resolved by the parties or the Court, the designated expert or consultant shall be prohibited from having access to the Confidential information and/or Confidential Attorneys' Eyes Only information of the objecting party.  The burden is on the party objecting to such disclosure to show that the disclosure would be harmful.

13.     Each party's respective attorneys of record shall retain the original of each Acknowledgment executed by any persons identified above.

14.     Qualified Experts shall be responsible for their employees' compliance with this Protective Order.

15.     This Protective Order shall not preclude either party from using an employee as an expert witness or consultant even if such employee is not a "Qualified Expert," but use of any such employee as an expert witness or consultant does not entitle such employee to have access to the other party's Confidential and/or Confidential Attorneys' Eyes Only information.

16.     Documents, things, transcripts, and extracts or summaries thereof (sent or exchanged outside (a) the offices of the attorneys of record or (b) the offices of Qualified Experts), and copies of any of the foregoing, containing Confidential information shall be clearly marked as "Confidential Information Pursuant to Protective Order," or with a similar legend.

17.     Documents, things, and transcripts, and extracts or summaries thereof (sent or exchanged outside (a) the offices of the attorneys of record or (b) the offices of Qualified Experts), and copies of any of the foregoing, containing Confidential Attorneys' Eyes Only information shall be clearly marked as "Confidential Attorneys' Eyes Only Pursuant to Protective Order," or with a similar legend.

18.     During any deposition, a party or non-party who is being deposed may designate testimony as Confidential information or Confidential Attorneys' Eyes Only information by stating on the record at the deposition that the testimony is Confidential information or Confidential Attorneys' Eyes Only information and is subject to the provisions of this Protective Order.  The court reporter shall separately bind such portion and mark the transcript with an appropriate legend.

19.     A party or non-party who is being deposed whose Confidential information or Confidential Attorneys' Eyes Only information will be discussed during a deposition has the right to exclude from the deposition room any persons who are not authorized to see or review Confidential information or Confidential Attorneys' Eyes Only information, but for only that portion in which any such information is being discussed.

20.     In addition to any designation made pursuant to paragraph 18, each party shall have until thirty (30) days after receipt of a final deposition transcript within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) that are to be designated as Confidential information or Confidential Attorneys' Eyes Only information.  The right to make such designation shall be waived, unless made within the thirty (30) day period or unless made pursuant to paragraph 18.  In the event that a party or non-party

8

not authorized under paragraphs 4, 6, 7 or 12 is not excused from a deposition pursuant to paragraph 19 and Confidential information or Confidential Attorneys' Eyes Only information is disclosed, such testimony may be re-designated under paragraph 20 as Confidential information or Confidential Attorneys' Eyes Only information if the disclosing party provides in writing the basis for its re-designation of the disclosed information as Confidential information or Confidential Attorneys' Eyes Only information to the non-disclosing party within the (30) day period prescribed in this paragraph. The non-disclosing party may challenge said re-designation pursuant to paragraph 22. Prior to such designation or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Attorneys' Eyes Only information. Transcripts of deposition testimony, or portions thereof, containing Confidential information or Confidential Attorneys' Eyes Only information shall be filed only under seal until further order of the Court. Once a deposition or a portion thereof is marked Confidential or Confidential Attorneys' Eyes Only, the parties shall separately bind such portion and mark the transcript with an appropriate legend. If, during the above-described thirty (30) day designation period, a party wishes to disclose portions of the deposition transcript, the party shall make a written request to opposing counsel or non-party. The written request shall identify the portions of the deposition transcript to be disclosed and the person(s) to whom such disclosure is to be made. If no objection is made within ten (10) business days of the written request, counsel for the requesting party shall be free to make such disclosure. If objection is made within the ten (10) business days, then no disclosure shall be made until after the thirty (30) day period. Any party may bring before the Court the question of whether the requested disclosure may be made. In the resolution

of such matter, the objecting party shall have the burden of establishing before the Court the reasons for denying the requested disclosure.

21.     All materials containing Confidential information or Confidential Attorneys' Eyes Only information, when filed with the Court, shall be filed under seal in conformity with any local rules or orders of the Court, and shall not be made public except by order of the Court.

22.     The designation by a party or non-party of an item as containing Confidential information and/or Confidential Attorneys' Eyes Only information may be challenged at any time by another party.  The challenging party shall identify each item challenged by letter to the designating party or non-party and shall state the basis or bases for asserting the confidentiality designation is improper.  The designating party or non-party shall respond in writing within ten (10) business days of its receipt of such challenge, unless the parties and/or non-parties stipulate in writing to extend this period.  If a dispute regarding a confidentiality designation cannot be resolved by the parties and/or non-parties within fourteen (14) business days after the challenging party's receipt of the designating party's or non-party's response to its challenge, the challenging party or non-party must file a motion with the Court within ten (10) business days in order to change the confidentiality designation, unless the parties stipulate in writing to extend the period for filing such a motion.  The designating party or non-party shall bear the burden of proving that the confidentiality classification is proper.

23.     All documents, materials, items, things, transcripts, or information designated under this Protective Order shall be kept in such a manner as to reasonably ensure that access thereto is limited to the persons properly having access thereto under the terms of this Protective Order.

24.     Any item, document, or information inadvertently furnished by a party or a third person during the course of the Action without a designation of confidentiality may nevertheless subsequently be designated as Confidential information and/or Confidential Attorneys' Eyes Only information under the terms of this Protective Order, but only if counsel for the receiving party (a) receives written notice from the designating party or third person of the inadvertent failure to designate and the request to thereafter treat such item, document, or information as Confidential information and/or Confidential Attorneys' Eyes Only information, and (b) has a reasonable opportunity to advise others to whom such item, document, or information already has been disclosed that such item, document, or information should be treated as Confidential information and/or Confidential Attorneys' Eyes Only information.  No liability shall attach to any disclosure of any undesignated, non-privileged information by any party prior to such party's actual notice of such new designation.

25.     If information subject to a claim of attorney-client privilege, attorney work product, or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party or other producing person would otherwise be entitled. Any receiving attorney shall notify the disclosing party's attorney of any document that appears to have been inadvertently produced and otherwise comply with all applicable law regarding receipt of privileged materials inadvertently disclosed.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party or parties, such party or parties shall immediately return to the claiming party or

person that material and all copies or reproductions thereof as to which the claim of inadvertent production has been made, shall destroy all notes or other work product containing the contents of such material, and shall delete such material from any litigation support or other database and shall not disclose the contents of the inadvertently disclosed information to the non-disclosing party. The party must also take reasonable steps to retrieve the privileged and/or protected information if the party disclosed it before being notified. The party may then move this Court for an order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

26.    If, during the course of any Court hearing or trial, a party refers to or seeks to introduce a document, material, item, thing, transcript, or information which has been designated as Confidential information and/or Confidential Attorneys' Eyes Only information, the party shall inform the Court and shall request that during the time such document, material, item, thing, transcript, or information is being discussed or utilized, the attendance at such hearing or trial be limited to those individuals entitled to have access to the designated material under the terms of this Protective Order.

27.    Nothing in this Protective Order shall limit either party or any other person in the use of its, his, or her own documents, things, and/or information for any purpose or from disclosing its, his, or her own Confidential information and/or Confidential Attorneys' Eyes Only information to any other person.

28.    Unless the parties otherwise stipulate, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose.

29.     The terms of this Protective Order shall survive the termination of the Action.

30.     Within thirty (30) days of request of the designating party or non-party and after termination of the Action in its entirety, including appeals (if any), all copies of Confidential information, Confidential Attorneys' Eyes Only information, and abstracts, summaries, excerpts, or compilations thereof, including litigation databases or portions of databases containing either the full text of Confidential information and/or Confidential Attorneys' Eyes Only information or abstracts, summaries, excerpts, or compilations thereof, shall, at the election of the designating party or non-party, either be (i) destroyed with certification of such destruction provided to counsel for the designating party or non-party (ii) *returned to counsel for the party or non-party* which produced such Confidential information and/or Confidential Attorneys' Eyes Only information, at the designating party's or non-party's expense, except that attorneys of record may keep (a) one copy of a complete set of pleadings, transcripts, exhibits, and trial exhibits entered into evidence and (b) work product.  This provision shall in no way be construed to require any party to turn over any work product.  Original documents and deposition transcripts shall not be destroyed.   The Court shall retain jurisdiction over this Protective Order, *KLM*

*for the purpose of* adjudicating claims of breach ~~, and administering damages and other remedies.~~

31.     Nothing in this Protective Order shall bar the attorneys of record with access to Confidential information and/or Confidential Attorneys' Eyes Only information from rendering advice to his, her, or their client with respect to the Action and, in the course thereof, relying upon any Confidential information and/or Confidential Attorneys' Eyes Only information, provided counsel does not disclose Confidential information and/or Confidential Attorneys' Eyes Only information in a manner not specifically authorized under this Protective Order.

32.     The parties recognize that from time to time, counsel for a receiving party may need to discuss and/or disclose the general content of information designated as "Confidential Attorneys' Eyes Only" with their client or a representative in order to assist in the prosecution and/or defense of this matter, to evaluate or consider proposals for settlement or resolution, or otherwise.  Any such discussion or disclosure shall be of such a nature that it does not reveal the underlying Confidential Attorneys' Eyes Only information.

33.     A label on any disk, DVD, CD, or other storage medium covers all of the information contained thereon (as opposed to having to go into each document on the disk, DVD, CD, or other storage medium and marking them individually).  If a party makes printouts of information from such a disk, DVD, CD, or other storage medium, the hard copies should themselves then be marked consistent with the marking on the label of the disk, DVD, CD, or other storage medium.

34.     The parties agree forthwith that, prior to approval by the Court, this Protective Order shall be effective as of the date it is executed by counsel for all parties as if approved by the Court, and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court as of the date it has been signed by counsel for all parties.  KLM

So **ORDERED AND SIGNED** this _24th_ day of _June_____, 2009.

_____
Honorable Judge ~~Philip A. Drimmer~~  Kristen L. Mix
United States ~~District~~ Judge
Magistrate

14

**STIPULATED AND AGREED AS TO FORM AND CONTENT:**

/s/ James B. Belshe

James B. Belshe
Seth W. Black
WORKMAN | NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Tel: (801) 533-9800
Fax: (801) 328-1707
Email: jbelshe@wnlaw.com
Email: sblack@wnlaw.com

Nina Y. Wang
FAEGRE & BENSON
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Tel: (303) 607-3500
Fax: (303) 607-3600
Email: nwang@faegre.com

/s/ Scott L. Terrell

Scott L. Terrell
SCOTT L. TERRELL, P.C.
12970 West 20th Avenue
Suite D
Golden, Colorado 80401
Tel: (303) 279-0705
Fax: (303) 274-6966
Email: sltpcesq@aol.com