IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00856-PAB-KLM

PRECISION CONCRETE CUTTING, INC.,

    Plaintiff,

v.

SIDEWALK SHAVERS, LLC, a Colorado Limited Liability Company, and
CONCRETE SIDEWALK SOLUTIONS, INC., a Colorado corporation d/b/a Sidewalk Shavers of Colorado,

    Defendant(s).
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff Precision Concrete Cutting, Inc.'s Motion for Leave to File a First Amended Complaint** [Docket No. 33; Filed August 21, 2009] (the "Motion").  Defendant filed a Response to the Motion on August 31, 2009 [Docket No. 35], and Plaintiff filed a Reply on August 31, 2009 [Docket No. 37].  The proposed Amended Complaint adds claims regarding the alleged infringement of three patents.

Defendant does not oppose the Motion, but asserts that it should be denied because Plaintiff's counsel has not complied with D.C.COLO.LCivR 7.1A  by failing to make reasonable good-faith efforts to confer prior to filing the Motion.  The parties do not dispute that the day before filing the Motion, Plaintiff's counsel attempted to contact Defense counsel, but he was out of town. Plaintiff filed the Motion without hearing from Defense counsel.  Although the Court agrees that Plaintiff should have delayed filing the Motion, in

the interests of judicial economy, the Court will address the merits of the motion.

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings.  Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Amendment under the rule has been freely granted.  *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff's Motion was filed before the deadline for the amendment of pleadings set forth in the Scheduling Order.  There is no basis for denying leave to amend.  Defendant has not objected to the relief requested by Plaintiff.  Accordingly,

IT IS **ORDERED** that the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept for filing Plaintiff's First Amended Complaint [Docket No. 33-2].

Dated:  September 14, 2009

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge